# IN THE COURT OF APPEALS OF IOWA

No. 19-0154
Filed May 1, 2019

**IN THE INTEREST OF H.S.,**
**Minor Child,**

**J.P., Mother,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Clay County, Andrew Smith, District Associate Judge.

　　　　A mother appeals removal and adjudication orders involving her child. **AFFIRMED IN PART AND REVERSED IN PART.**

　　　　Scott A. Johnson of Hemphill Law Office, PLC, Spencer, for appellant mother.

　　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　　　Shannon L. Sandy of Sandy Law Firm, P.C., Spirit Lake, attorney and guardian ad litem for minor child.

　　　　Considered by Vogel, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, Judge.**

A mother appeals removal and adjudication orders involving her child. She contends the district court erroneously relied on her refusal to take a drug test in adjudicating the child in need of assistance and the court erroneously required participation in pre-adjudication services, including drug testing. She also argues the grounds for adjudication cited by the district court were not satisfied.

## I.    *Background Facts and Proceedings*

The child involved in this proceeding was born in 2008. A child-abuse investigator with the department of human services suspected the child's mother was using methamphetamine. She recommended the filing of a child-in-need-of-assistance petition. The State filed a petition, alleging several grounds for adjudication of the child.

After the petition was filed but before the adjudication hearing, the State filed an ex parte application to have the child removed from parental custody. The application alleged in part that the mother refused a drug test requested by a department child-abuse investigator. The State asserted, "Based upon the [mother's] refusal . . . to submit to drug testing, safety of the [child] cannot be assured in [the mother's] care."

The district court granted the application and ordered the child temporarily removed from the mother's custody. Following an emergency removal hearing, the court ordered the child to remain out of the mother's custody. The court also required the mother to participate in a substance-abuse evaluation, follow treatment recommendations, and "submit to random drug testing."

In time, the district court adjudicated the child in need of assistance. The court later filed a dispositional order requiring the child to remain out of the mother's custody. The mother appealed.[1]

## II. Mother's Refusal of Drug Test; Compelled Pre-Adjudication Drug-Test Order

The mother contends the district court erroneously used her "refusal to take a drug test as evidence that the child should be adjudicated" in need of assistance. On our de novo review, we disagree.

We begin with the removal orders. Iowa Code section 232.78(1)(b) (2018) authorizes the juvenile court to enter an ex parte order directing a peace officer or juvenile court officer to take custody of a child if "[i]t appears that the child's immediate removal is necessary to avoid imminent danger to the child's life or health." One of "[t]he circumstances or conditions indicating the presence of such imminent danger" is "[t]he refusal or failure of the person responsible for the care of the child . . . to comply with a request of a peace officer, juvenile court officer, or child protection worker for such a person to submit to and provide to the requester the results of a medically relevant test of the person." Iowa Code § (1)(b)(2). A medically-relevant test means a test that produces reliable results of exposure to several drugs, including methamphetamine. *See id.* § 232.73(2).

Under these statutory provisions, the child protective worker was authorized to ask the mother to submit to a drug test and the district court was authorized to find that her refusal of the test was indicative of imminent danger to the child.

---

[1] The father does not challenge the district court orders on appeal. Instead, he joins the State's response to the mother's petition on appeal.

Accordingly, the district court acted appropriately in basing the temporary removal order on the mother's refusal to take the test requested by the child protection worker.

In reaching this conclusion, we recognize the district court's additional language compelling pre-adjudication drug testing is inconsistent with this court's opinion in *In re A.C.*, 852 N.W.2d 515, 519 (Iowa Ct. App. 2014), where we found "no statutory authority to support the district court's ex parte pre-adjudication parental drug-testing order." But the child's removal in this case was based on the mother's history of illicit drug use, family suspicions of relapse, and her refusal to comply with the child protective worker's request for drug testing rather than a compelled drug-test result, as was the case in *A.C.*

We turn to the district court's adjudicatory order. There, the court cited the mother's refusal to comply with its pre-adjudication drug-testing order. But, again, the court also cited other factors to support adjudication of the child as a child in need of assistance. For that reason, the court's reliance on the compelled drug-testing portion of the removal order does not require reversal of the adjudicatory order.

### III.    *Grounds for Adjudication*

The district court cited three statutory grounds for adjudication: Iowa Code subsections 232.2(6)(b), 232.2(6)(c)(2), and 232.2(6)(n). The mother challenges the evidence supporting all three. We will address each in turn. *See In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014) (declining to simply affirm on uncontested ground because "[t]he grounds for a CINA adjudication" affect the grounds for termination).

Iowa Code section 232.2(6)(b) requires the State to prove a parent "has physically abused or neglected the child, or is imminently likely to abuse or neglect the child." "'Physical abuse or neglect' or 'abuse or neglect' means any nonaccidental physical injury suffered by a child as the result of the acts or omissions of the child's parent, guardian, or custodian or other person legally responsible for the child." Iowa Code § 232.2(42). "'[P]hysical injury . . . is a prerequisite' to finding past physical abuse or neglect." *J.S.*, 846 N.W.2d at 41 (citation omitted).

As in *J.S.*, the State did not present evidence of a past physical injury to the child. Therefore, the case turns on whether the child was imminently likely to suffer a non-accidental physical injury. *Id.* at 43. "[O]ur precedent governing the imminent likelihood of abuse establishes that neglect or physical or sexual abuse need not be on the verge of happening before adjudicating a child as one in need of assistance under Iowa Code section 232.2(6)(b)." *In re L.H.*, 904 N.W.2d 145, 151 (Iowa 2017). Nonetheless, there must be "specific prior instances of sexual or physical abuse committed by a caregiver." *J.S.*, 846 N.W.2d at 43; *cf. L.H.*, 904 N.W.2d at 151 ("[T]he State does present evidence that [the parent] has serious anger issues that have led him to physically abuse other current and previous members of his household."). In *J.S.*, the court stated, "[W]e do not believe [methamphetamine use] is automatically enough to establish an imminent likelihood of physical harm to the children." 846 N.W.2d at 43–44. The court reversed the adjudication under section 232.2(6)(b). *Id.*

We are faced with the same facts here: suspected methamphetamine use by the mother without past acts of physical or sexual abuse. We conclude the

State failed to establish the child was in need of assistance under section 232.2(6)(b).

We turn to section 232.2(6)(c)(2), which requires a showing that the child "has suffered or is imminently likely to suffer harmful effects" due to a "failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child." *See L.H.*, 904 N.W.2d at 149–50. "[H]armful effects" relate to "the physical, mental, or social welfare of a child." *J.S.*, 846 N.W.2d at 41 (quoting *In re Wall*, 295 N.W.2d 455, 458 (Iowa 1980)). "A juvenile court could reasonably determine that a parent's active addiction to methamphetamine is 'imminently likely' to result in harmful effects to the physical, mental, or social wellbeing of the children in the parent's care." *Id.* at 42.

At the temporary removal hearing, the mother's aunt testified the mother had a history of methamphetamine use that began when she was a teenager. After the mother turned eighteen years old, the aunt had no contact with her for several years. Eventually, the mother contacted her with a plea for help. According to the aunt, the mother was admitted to a hospital to undergo treatment for "[m]eth use and alcohol." The mother left the hospital prematurely. The aunt took her in and, later, took the child in. Both lived with her for two-and-a-half years.

The aunt testified the mother consumed alcohol on a daily basis. The aunt also found signs of methamphetamine use. She stated the mother was "ill-tempered" and erratic for several weeks before the hearing. An older child of the mother, who is not a subject of this proceeding, reported similar signs of drug use.

Based on this evidence, we conclude the mother actively used methamphetamine and her usage was imminently likely to harm the child. Accordingly, we affirm the adjudication of the child as a child in need of assistance under section 232.2(6)(c)(2).

The final provision on which the district court relied is section 232.2(6)(n), which authorizes the juvenile court to adjudicate a child in need of assistance if the "parent's or guardian's mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care." *See In re M.W.*, 876 N.W.2d 212, 222 (Iowa 2016). Based on the evidence cited above, we conclude this provision was satisfied.

## IV. *Disposition*

We reverse the adjudication under section 232.2(6)(b). We affirm the adjudication of the child under section 232.2(6)(c)(2) and section 232.2(6)(n).

**AFFIRMED IN PART AND REVERSED IN PART.**